UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN KEITH COURTNEY, SR.,

      Petitioner,

                                      Case Number 1:09-CV-10842

v.                                  Honorable Thomas L. Ludington

DEBRA SCUTT,

      Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Brian Keith Courtney, Sr., presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner was convicted on his plea of guilty in the Jackson County Circuit Court of conducting a criminal enterprise (racketeering) and obstruction of justice. Mich. Comp. Laws §§ 750.159i(1), 750.505. For the criminal enterprise conviction, Petitioner was sentenced to twelve to twenty years in custody. For the obstruction of justice conviction, Petitioner was sentenced three to five years in custody. Petitioner alleges that his guilty plea was involuntary and uninformed because he was deprived of the effective assistance of trial counsel. He further alleges that the terms of the plea agreement were unfulfilled, that he was sentenced on the basis of inaccurate information, and that he was deprived of the effective

---

[1] When the petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Cotton Correctional Facility, but has since been transferred to the Lakeland Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006). Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is Carol R. Howes, the warden of Lakeland Correctional Facility, the current location of the petitioner. However, because the Court is denying the petition, it will not do so in this case. *See Logan v. Booker,* No. No. 2:06-cv-14240, 2007 WL 2225887, at *1, n.1 (E.D. Mich. August 1, 2007).

assistance of appellate counsel.  Respondent answers that the claims are procedurally defaulted and lack merit.  For the following reasons, Petitioner's claims are meritless and procedurally defaulted, and therefore the petition will be denied.

## I.

On January 4, 2006, Petitioner pled guilty in the Jackson County Circuit Court.  In exchange for his guilty plea, the prosecutor dismissed charges of solicitation of murder, arson of real property with a value between $ 1,000 and $ 20,000, felonious assault, extortion, armed robbery, and being a second felony habitual offender.

On February 16, 2006, Petitioner was sentenced to concurrent prison terms of twelve to twenty years for the criminal enterprise conviction and three to five years on the obstruction of justice conviction.  Petitioner's conviction and sentence were affirmed on appeal. *People v. Courtney,* No. 273616 (Mich. Ct. App. Nov. 14, 2006); *cert. denied* 478 Mich. 909; 732 N.W. 2d 541 (2007).

Petitioner then filed a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.500, which was denied by the trial court.  *People v. Courtney,* No. 05-1139-FC (Jackson Cnty. Cir. Ct. Dec. 31, 2007).  The Michigan appellate courts denied Petitioner leave to appeal.  *People v. Courtney,* No. 283126 (Mich. Ct. App. May 9, 2008); *reconsideration denied.* June 6, 2008; *cert. denied* 482 Mich. 1032; 769 N.W. 2d 211 (2008).

Petitioner now seeks habeas relief in this Court on four grounds.  First, Petitioner contends, his plea was rendered involuntary and uninformed because was deprived of the effective assistance of counsel.  Second, Petitioner contends, he is entitled to either fulfillment of the terms of the plea agreement or the withdrawal of the plea because the terms of the plea agreement were unfulfilled.  Third, Petitioner contends, he is entitled to resentencing because of

various errors made by the sentencing court. And fourth, Petitioner contends, he was denied effective assistance of appellate counsel because counsel did not raise issues that were both "obvious and significant" and did not act in accordance with the wishes of the petitioner.

## II.

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

The Supreme Court cautions that "a federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (internal quotation marks omitted) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)

-3-

(*per curiam*)).  Consequently, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

"[I]f this standard is difficult to meet, that is because it was meant to be."  *Harrington*, 131 S. Ct. at 786.  "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment).  Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law."  *Woodford*, 537 U.S. at 24.

### III.

### A.

In his first and second claims, Petitioner raises claims relating the post-conviction proceedings.  Respondent contends that Petitioner's claims are procedurally defaulted because Petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his direct appeal, as required by Michigan Court Rule 6.508(D)(3).[2]  This state court procedural rule provides that a court may not grant

---

[2] Respondent contends that one of Petitioner's ineffective assistance of trial counsel claims for counsel's not investigating the allegation that Petitioner's wife was having an affair with one of the prosecution witnesses is doubly defaulted, because Petitioner did not raise this claim before the Michigan courts on either his direct appeal or in his post-conviction motion and because Petitioner no longer has any available state court remedy, he is unable to exhaust this claim.  Petitioner did, however, raise a claim in his post-conviction motion before the trial court and in his post-conviction appeal before the Michigan Court of Appeals and Michigan Supreme Court, claiming that his trial counsel failed to conduct a reasonable investigation of his case before advising Petitioner to plead guilty.

relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of both good cause for not previously raising them and actual prejudice. *See* Mich. Ct. R. 6.508(D)(3).

In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred, unless the prisoner can demonstrate both cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner does not comply with a state procedural rule that required him to have done something in the trial court to preserve his claimed error for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F. 3d 199, 202 (6th Cir. 1996). Good cause and actual prejudice may be excused if the petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust*, 17 F.3d at 162; *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A petitioner only procedurally defaults a habeas claim, however, if the state procedural rule applicable to the petitioner's claim is "firmly established." *Williams v. Coyle,* 260 F. 3d 684, 693 (6th Cir. 2001). In addition, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in

---

Petitioner's claim that counsel did not investigate whether his wife and a prosecution witness were having an affair appears to be a part of his broader claim that counsel did to adequately investigate the facts before advising Petitioner to plead guilty. When an additional factual claim in support of an ineffective assistance of counsel allegation in a petition for writ of habeas corpus merely supplements the ineffective assistance of counsel claim that has previously been exhausted before the state courts and does not fundamentally alter it, dismissal of the petition is not required. *Brown v. Walker,* 275 F. Supp. 2d 343, 349 (E.D.N.Y. 2003) (*citing to Caballero v. Keane,* 42 F. 3d 738, 741 (2nd Cir. 1994)). Accordingly, this ineffective assistance of counsel claim was presented to the state courts. Nevertheless, for the reasons stated below, it is procedurally defaulted.

the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

In this case, the Michigan Court of Appeals and the Michigan Supreme Court rejected the petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention the petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the appellate form orders, albeit orders citing Rule 6.508(D), are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, this Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of the petitioner's claims. *Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010).

The Jackson County Circuit Court judge, after discussing the provisions of Rule 6.508(D), including subsection (3), rejected Petitioner's motion for relief from judgment, ruling that the petitioner "cannot establish good cause and actual prejudice and is not entitled to the relief requested." *People v. Courtney,* No. 05-1139-FC, slip op. at 1-2, 5 (Jackson Cnty. Cir. Ct. Dec. 31, 2007). Because the trial court judge denied Petitioner post-conviction relief based on the procedural grounds stated in Rule 6.508(D)(3), his two post-conviction claims — that the guilty plea was involuntary and uninformed and that the terms of the plea agreement were unfulfilled — are procedurally defaulted pursuant to Rule 6.508(D)(3). *See Ivory v. Jackson,*

-6-

509 F.3d 284, 292–93 (6th Cir. 2007); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005). The fact that the trial court may have also discussed the merits of Petitioner's claims in addition to invoking the provisions of Rule 6.508(D)(3) to reject Petitioner's claims does not alter this conclusion. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). Consequently, Petitioner's first and second claims to habeas relief are procedurally defaulted.

Additionally, Petitioner has not presented any reliable evidence to support an assertion of actual innocence which would allow this Court to consider the procedural defaulted claims. Although Petitioner alleges that the criminal charges were fabricated against him by the police and the various witnesses, in pleading guilty Petitioner also acknowledged a detailed factual basis for the charges.

Petitioner attaches a number of exhibits which purport to show that Petitioner's wife and one of the prosecution witnesses, Adam Darr, were engaged in an extramarital affair. This evidence, at best, would merely impeach the credibility of Petitioner's wife and Darr. A habeas petitioner's renewed attacks on a witness's credibility are insufficient to establish actual innocence. *See In Re Byrd*, 269 F. 3d 561, 577 (6th Cir. 2001) (citing *Clark v. Lewis*, 1 F.3d 814, 824 (9th Cir. 1993) (allegation that prosecution witness could have been impeached by allegedly withheld evidence did not constitute a credible claim of "actual innocence" sufficient to show that the petitioner was actually innocent of the death penalty).

Petitioner attaches what purports to be an undated affidavit from his son, Brian Courtney, Jr., which alleges that the son was forced by the police and his mother to make false allegations

against his father.  The affidavit also asserts the police persuaded the son and his mother to convince Petitioner to plead guilty.  Recanting affidavits and witnesses are viewed with "extreme suspicion."  *United States v. Chambers*, 944 F. 2d 1253, 1264 (6th Cir. 1991); *see also Byrd v. Collins*, 209 F.3d 486, 508, n.16 (6th Cir. 2000).  Furthermore, a federal court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence."  *Schlup v. Delo*, 513 U.S. 298, 332 (1995).  Petitioner's son is, of course, a family member.  In light of the potential for natural, understandable filial loyalty, the son's recantation is suspect.  *See e.g.*, *United States v. Coker*, 23 F. App'x 411, 412 (6th Cir. 2001) (the skepticism with which a court examines such an affidavit is particularly heightened when the recanting witness is a family member and the witness may have feelings of guilt).

Petitioner also attaches what purports to be a letter from prosecution witness Karl Lunz, who testified against Petitioner at the preliminary examination.  In this unsworn letter, Lunz indicates that he did not want to testify against Petitioner at the preliminary examination.  An unsworn statement from a recanting witness is insufficient to establish a habeas petitioner's actual innocence.  *See e.g.*, *Cress v. Palmer*, 484 F. 3d 844, 855 (6th Cir. 2007) (rejecting actual innocence claim that was based in part on an unsworn statement from a recanting witness).

Finally, Petitioner provides a lengthy affidavit in which he claims that the prosecution witnesses indicate that they would recant their testimony made against Petitioner at his preliminary examination, that they were forced to make false allegations against Petitioner, and that they would offer exculpatory evidence on Petitioner's part.  All of these purported statements are, of course, hearsay and are therefore not reliable evidence to support a claim of actual innocence.  *See Herrera v. Collins*, 506 U.S. 390, 417 (1993) (hearsay statements insufficient to support freestanding habeas claim of actual innocence).

-8-

Moreover, when reviewing a claim of actual innocence in the context of a guilty or nolo contendere plea, a federal habeas court should consider "any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy[.]"  *Connolly v. Howes*, 304 F. App'x 412, 418 (6th Cir. 2008) (quoting *Bousley v. United States*, 523 U.S. 614, 624 (1998)).  This Court can look not only at the facts to which the petitioner admitted when he pled guilty, but also look at "any other evidence of his guilt that the Government has marshaled." *Id.* (quoting *Waucaush v. United States*, 380 F.3d 251, 255 (6th Cir. 2004)).

Here, a preliminary examination was conducted over four days.  Karl Lunz, Casey Thomas, and William Warner testified extensively about Petitioner's involvement in the crimes that he pled guilty to, as well as the charges that were dismissed against him.  *See* Prelim. Hr'g 133–75, July 1, 2005; Prelim. Hr'g. 68–104, July 5, 2005; Prelim. Hr'g. 50–104, July 8, 2005. Additionally, several state troopers testified about the numerous items that had been stolen during the break-ins that were recovered from Petitioner's home. *See* Prelim. Hr'g 44–50, June 15, 2005; Prelim. Hr'g 100–06, July 1, 2005.  In light of this extensive evidence, Petitioner's claim of actual innocence is unpersuasive.  The petitioner is not entitled to habeas relief on his first or second claim.

**B.**

In his third claim, Petitioner raises a number of challenges to his sentence.  First, he contends that the trial court judge incorrectly scored a number of the variables under the Michigan Sentencing Guidelines.  Additionally, he contends, the trial judge improperly departed above the sentencing guidelines range.  It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  Consequently, Petitioner's claim that the state trial court

incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review. *See Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003); *see also Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Likewise, Petitioner's related claim that the state trial court improperly departed above the sentencing guidelines range also would not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *see also Drew v. Tessmer*, 195 F. Supp. 2d 887, 889–90 (E.D. Mich. 2001). "[P]etitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Consequently, alleging error by the state sentencing court in calculating the guideline score or in departing above the sentencing guidelines range does not allege a ground for federal habeas relief. *Id.*

Petitioner further contends that the state trial court used incorrect information in fashioning his sentence. A criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)); *see Townsend v. Burke*, 334 U.S. 736, 741 (1948) (stating that reliance on "extensively and materially false" information, which the prisoner had no opportunity to correct, violates due process of law). In order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *Collins v. Buchkoe*, 493 F. 2d 343, 345–46 (6th Cir. 1974); *Welch*, 49 F. Supp. 2d at 1007. Where a petitioner fails to demonstrate in his or her petition that the sentencing court relied upon materially false information in imposing sentence,

-10-

this claim does not merit habeas relief. *See Thomas v. Foltz*, 654 F. Supp. 105, 108 (E.D. Mich. 1987).

In this case, Petitioner offers neither evidence nor argument about how information that he claims was improperly used by the judge was false. Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See, e.g.*, *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing in a habeas proceeding); *Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief). Petitioner's unsupported claim that the trial court used incorrect information to fashion his sentence is an insufficient basis for habeas relief. Because Petitioner has failed to show that the factors considered by the trial court at sentencing were materially false or improperly considered, he is not entitled to habeas relief on this claim.

Finally, Petitioner is not entitled to habeas relief based on his related claim that his pre-sentence investigation report was inaccurate because it contained allegedly false information. There is no federal constitutional right to a pre-sentence investigation and report. *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001). The mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process sufficent to entitle a petitioner to habeas relief. *Id.*

### C.

Petitioner alleges in his fourth claim that appellate counsel was ineffective for failing to raise the petitioner's post-conviction claims on his appeal of right. Petitioner, however, has not shown that appellate counsel was ineffective. It is well-established that a criminal defendant

does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).  The United States Supreme Court explains:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.  Moreover, "a brief that raises every colorable issue runs the risk of burying good arguments — those that, in the words of the great advocate John W. Davis, 'go for the jugular' — in a verbal mound made up of strong and weak contentions."  *Id.* at 753 (citations omitted).

 "Notwithstanding *Barnes*," the Court notes, "it is still possible to bring a *Strickland* [*v. Washington*] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent."  *Smith v. Robbins*, 528 U.S. 259, 288 (2000).  Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel."  *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail."  *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751–52).  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome."  *Monzo v. Edwards*, 281 F. 3d 568, 579 (6th Cir. 2002).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his post-conviction claims from his direct appeal.  Appellate counsel filed an eighteen page brief on appeal which raised four sentencing claims (some of which Petitioner himself raised before this Court in his third claim).

Petitioner has not shown that appellate counsel's strategy in presenting such claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Jackson County Circuit Court in the opinion and order denying post-conviction relief, *Courtney,* No. 05-1139-FC, slip. op. at 2-5, as well as by the Jackson County prosecutor in his answer to the petition, none of the claims raised by the petitioner in his post-conviction motion were "dead bang winners." *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000). Because the defaulted claims are not "dead bang winners," the petitioner has failed to establish cause for his procedural default of failing to raise his first and second claims on direct review.

Moreover, because Petitioner's post-conviction claims lack merit (his first two grounds for habeas relief), this Court must also reject any independent ineffective assistance of appellate counsel claims. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010); *cert. denied* 131 S. Ct. 1013 (2011). In sum, Petitioner is not entitled habeas relief.

### IV.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying this standard, a

district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336–37. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. Petitioner will also not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. See Fed. R. App. P. 24(a).

## V.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is

**DENIED.**


<u>s/Thomas L. Ludington</u>
THOMAS L. LUDINGTON
United States District Judge

Dated: December 14, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Brian Courtney, #444293, at Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036 by first class U.S. mail on December 14, 2011.

<u>s/Tracy A. Jacobs</u>
TRACY A. JACOBS